UNITED STATES COURT OF APPEALS
**Filed 7/25/96**
TENTH CIRCUIT

STEPHEN D. HARRIS,

    Plaintiff-Appellant,

    v.

CORRECTION MANAGEMENT
AFFILIATES, INC., CORRECTIONAL
SERVICES GROUP, INC., HINTON
ECONOMIC DEVELOPMENT
AUTHORITY, GREAT PLAINS
CORRECTIONAL FACILITY, HINTON
TOWN COUNCIL, JIMMY SMITH,
TOM C. MARTIN, LES HARMON,
ROBERT B. EZELL, V. BOMHOFF,
MAX WILEY, JOHN DOES, Members of
the Great Plains Correctional Facility Riot
Squad on August 23, 1994, and JOHN
DOES, Supervisors of the Great Plains
Correctional Facility Riot Squad on
August 23, 1994,

    Defendants-Appellees.

No. 96-6133
(D.C. No. CIV-95-1499-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Stephen Harris, Lonnie Davis, and Gregory Sullivan filed this pro se class action on behalf of themselves and other prisoners at Great Plains Correctional Facility in Hinton, Oklahoma, as a result of events that occurred on August 23, 1994, when guards allegedly used tear gas to quiet a perceived disturbance. Plaintiffs asserted claims under 42 U.S.C. § 1983 as well as negligence-based claims.

The magistrate court found plaintiffs had previously filed an action involving essentially the same factual allegations, the same legal issues, and the same defendants, and since a Martinez report had been ordered in the other case and it was filed first, this action should be dismissed. The magistrate court recommended that plaintiffs be allowed to amend the other action to include additional causes of action raised in this case. The court found a class action was inappropriate. Fed. R. Civ. P. 23(a)(4) provides that "the representative parties will fairly and adequately protect the interests of the class." Courts are reluctant to certify a class represented by a pro se litigant because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

Plaintiffs filed objections to the magistrate court's recommendation and filed an application for class certification. The district court agreed with the recommendation of the magistrate court and dismissed because of the pendency of the prior action and in the interest of judicial economy. The court ordered that plaintiffs could amend their

complaint in the other action to assert additional causes of action asserted in this action. Plaintiffs moved for reconsideration, asserting the two cases should have been consolidated. The court denied reconsideration, finding the motion asserted no law or fact not previously considered.

On appeal, Harris contends the district court erred in stating in its denial of the motion to reconsider that it had reviewed the consolidation issue when nothing had been mentioned in its previous order of dismissal, and that consolidation was the best remedy. Harris relies on Walton v. Eaton Corporation, 563 F.2d 66 (6th Cir. 1977). In Walton, the Sixth Circuit held plaintiffs had no right to maintain two separate actions involving the same subject matter, at the same time, in the same court, and against the same defendants. The court stated that when the district court became aware of the two actions, it could have dismissed the second complaint without prejudice, or could have stayed proceedings in the second action until judgment was entered in the first action. The district court consolidated the two actions. The Sixth Circuit found that consolidation may well be the most administratively efficient procedure, but held filing of the second complaint and consolidation with the first complaint must be regarded as no more than an amendment of the first complaint. Id. at 70-71.

We have carefully examined Harris' appellate brief, all of the pleadings, and the entire record on appeal and find that the district court did not err in dismissing this action. The district court specifically stated: "Prior to the filing of defendants' response in [the other case], plaintiffs may amend their complaint to assert any causes of action asserted here but not there. After the filing of defendants' response, plaintiffs may seek the Court's permission to amend their complaint." RI, Doc. 11 at 3. Harris contends because the

3

district court denied the request to add claims for declaratory and injunctive relief in the other action, he was prejudiced. This is an issue to be raised on appeal in that matter and not in the present action.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge